WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kevin D Turnage,

Plaintiff,

v.

Robert F Kennedy, Jr., et al.,

Defendants.

No. CV-25-03367-PHX-SMB

**ORDER**

The Court now addresses the following motions filed by Plaintiff Kevin D. Turnage: Fourth Motion to Amend (Doc. 60); Motion to Stay Administrative Inquiry (Doc. 13); Plaintiff's First Motion to Amend (Doc. 36); Motion for a Protective Order and to Compel Meet and Confer (Doc. 44); Second Motion to Amend (Doc. 50); Plaintiff's Motion for Leave to Serve Third-Party Subpoena (Doc. 51); Third Motion to Amend (Doc. 55); Motion to Compel Final Agency Decision (Doc. 57); Motion to Compel Filing of Responsive Pleading (Doc. 58); Motion to Deem Unopposed and Grant Motion to Compel Final Agency Decision (Doc. 59); and Motion to Submit Pending Motions for Decision (Doc. 64). The Court **grants** Plaintiff's Fourth Motion to Amend. The Court **denies** the remaining Motions.

## I.    MOTION TO AMEND

The Court begins with Plaintiff's Fourth Motion to Amend. Absent circumstances inapplicable here, a party "may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051

(9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  Generally, Federal Rule of Civil Procedure ("Rule") 15(a) advises courts that "leave shall be freely given when justice so requires" and that "[t]his policy is to be applied with extreme liberality."  *Id.* (citation modified). Several considerations guide whether to grant leave to amend but "[n]ot all of the factors merit equal weight."  *Id.* at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*  Given the early stages of this litigation, Defendants would not be materially prejudiced.  Thus, the Court grants Plaintiff's Motion to Amend.

Accordingly, the Court dismisses as moot Plaintiff's previous three pending Motions to Amend (Docs. 36, 50, 55).  The Court also dismisses as moot Plaintiff's Motion to Compel Filing of Responsive Pleading (Doc. 58).  Plaintiff filed this Motion before his current Motion to Amend.

## II.    MOTION TO COMPEL FINAL AGENCY DECISION

The Court now considers Plaintiff's Motion to Compel Final Agency Decision. Plaintiff asks the Court to compel the U.S. Department of Health and Human Services (the "Agency") to issue a Final Agency Decision on his pending Equal Employment Opportunity ("EEO") complaint.  (Doc. 57 at 1).  Plaintiff filed an EEO complaint with the agency on March 7, 2024.  (*Id.* at 2.)  Over 700 days later, on February 10, 2026, the Agency notified Plaintiff that it received his complaint.  (*Id.*)  Plaintiff contends that this delay is "triple the statutory limit and constitutes unreasonable delay as a matter of law" and allows this Court to "compel agency action" as it has been "unlawfully withheld or unreasonably delayed."  (*Id.* at 3.)

To start, Plaintiff contends that the Agency "shall conduct an investigation and issue a final decision on each formal complaint within 180 days of the filing of the complaint." (*Id.*)  Plaintiff purports to quote 29 C.F.R. § 1614.110(b) but that language does not appear in that regulation.  (Doc. 57 at 3.)  Perhaps Plaintiff intended to quote 29 C.F.R. § 1614.106(e)(2) which provides that "[t]he agency is required to conduct an impartial and appropriate investigation of the complaint within 180 days of the filing of the complaint."

If the agency fails to do so, the claimant may file a civil suit "after one hundred and eighty days from the filing of the initial charge with the . . . agency." 42 U.S.C. § 2000e-16(c). Given that Plaintiff has done so, the Court will not grant Plaintiff's requested relief. Plaintiff seemingly seeks to litigate the same issues present in his EEO complaint. Thus, even assuming the Court could compel the Agency to rule on the EEO complaint, it would be inappropriate to do so given that this action seemingly involves the same claims. The Court will thus deny as moot Plaintiff's Motion to Deem Unopposed and Grant Motion to Compel Final Agency Decision (Doc. 59).

The Court also notes that aside from Plaintiff misquoting § 1614.110(b), Plaintiff cited "*Gao v. United States*, 2019 WL 11199934 (D. Ariz. Oct. 23, 2019)" and "*Miller v. United States*, 2009 WL 1532834 (D. Ariz. Apr. 30, 2009)" for the proposition that "courts in this district have previously ordered agencies to issue decisions and have imposed sanctions for unjustified delays." (Doc. 57 at 3.) The Court was unable to locate either case. The Court notifies Plaintiff that "[t]he presentation of false citations, including AI 'hallucinations,' has been found to be sanctionable conduct for attorneys and pro se parties." *Stafford v. Taffet*, No. 1:24-CV-01612-AA, 2026 WL 799409, at *2 (D. Or. Mar. 23, 2026).

### III.    MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA

The Court now considers Plaintiff's Motion for Leave to Serve Third-Party Subpoena. Plaintiff desires to subpoena Google, LLC "to preserve and recover Plaintiff's own electronically stored information ("ESI") contained in a Google account that was unlawfully accessed and subsequently disabled." (Doc. 51 at 1–2.) Plaintiff avers that his Google account "contains critical evidence relevant to this action, including emails, documents stored in Google Drive, and access logs that may identify the perpetrators of the unauthorized access." (*Id.* at 2.) Plaintiff does not expound on what particular evidence he seeks or its relevance to this action.

Absent a court order, litigants "may not seek discovery from any source before the parties have conferred." Fed. R. Civ. P. 26(d)(1). "Courts may order discovery prior to

the Rule 26(f) conference where good cause is shown for the early discovery." *Mohindra v. Boghara*, No. CV-25-02050-PHX-SHD, 2025 WL 1900738, at *1 (D. Ariz. July 8, 2025) (citation modified). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Mobile v. Globalgurutech LLC*, No. CV-22-01950-PHX-SMB, 2023 WL 3884994, at *1 (D. Ariz. June 8, 2023) (citation modified).

Here, Plaintiff fails to provide enough information for this Court to determine whether there is good cause to permit early discovery. To start, Plaintiff claims early discovery is needed based on a his "fear[] that Google's automated systems may permanently purge the disabled account and its contents if a formal legal demand is not processed immediately." (Doc. 51 at 3.) Plaintiff has not substantiated this fear beyond proffering his own belief that "[d]igital service providers like Google operate with automated retention policies." (*Id.* at 3.) Neither does Plaintiff describe what types of evidence he hopes to obtain beyond access to a disabled account. More importantly, Plaintiff fails to offer any explanation as to how the sought data is relevant to the present lawsuit.[1]

Accordingly, the Court denies Plaintiff's Motion for Leave to Serve Third-Party Subpoena.

## IV.     MOTION FOR A PROTECTIVE ORDER AND TO COMPEL MEET AND CONFER

The Court now considers Plaintiff's Motion for a Protective Order and to Compel Meet and Confer. Plaintiff seeks the following:

> [A]n order (1) compelling the parties to confer in good faith within ten (10) business days to discuss any amendment to the complaint and to set a schedule for filing responsive pleadings, and (2) entering a protective order enjoining the United States Government from taking any further adverse

---

[1] Plaintiff claims that "[o]n January 9, 2026, Google's Legal Support team responded to Plaintiff's request for voluntary preservation." (Doc. 51 at 2.) Plaintiff provides that "[a] true and correct copy of this email is attached hereto as Exhibit 2." (*Id.* at 3.) This exhibit is not attached to the Motion.

- 4 -

personnel actions against Plaintiff.

(Doc. 44 at 1.)  Beyond these requests, Plaintiff's Motion is borderline incomprehensible.

The Court denies Plaintiff's first request.  This case will proceed according to the Federal Rules of Civil Procedure and this Court's mandates.  As to Plaintiff's second request, it appears that Plaintiff mistakes a protective order with preliminary injunctive relief.  Protective orders relate to discovery, *see* Fed. R. Civ. P. 26(c), which are not implicated by Plaintiff's Motion.  Instead, Plaintiff asks this Court to "enter a protective order enjoining the United States Government, its officers, agents, and employees from taking any further adverse personnel actions, from restricting Plaintiff's access to IHS facilities, and from retaliating against Plaintiff for his protected disclosures."  (Doc. 44 at 6.)  Plaintiff relies on "Yomi v. United States Dept. of Health & Human Services, 970 8754 (D. Kan. 2022)."  (Doc. 44 at 4–5.)  Again, the Court is unable to locate this case. Plaintiff's emerging pattern of relying on fictitious cases aside, the standard for preliminary injunctive relief is relatively onerous.  *See, e.g.*, *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) ("A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction.").  Plaintiff does not address any of these elements.

Accordingly, the Court denies Plaintiff's Motion to for a Protective Order and to Compel Meet and Confer.

## V.    MOTION TO STAY ADMINISTRATIVE INQUIRY

The Court now considers Plaintiff's Motion to Stay Administrative Inquiry. Plaintiff requests that this Court "stay a new, ongoing administrative inquiry initiated against him by the Defendant, the Secretary of the Department of Health and Human Services." (Doc. 13 at 1.) According to Plaintiff, after he "engaged in extensive and legally protected whistleblower activity . . . the Agency initiated a new administrative inquiry against Plaintiff . . .under the pretext of investigating [him] for creating a 'hostile work

environment.'"    (*Id.* at 1–2.)    This Motion is evaluated under the aforementioned preliminary injunction standard.

The Court notes that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation modified) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The Court denies Plaintiff's Motion because he fails to plausibly establish that he will suffer irreparable harm in the absence of the Court staying the administrative inquiry. Plaintiff attempts to persuade this Court otherwise with two arguments. First, Plaintiff argues that the administrative inquiry subjects him "to immense stress and anxiety and creates a chilling effect on his ability to freely and fully participate in this litigation without fear of further punishment." (*Id.* at 3.) Second, Plaintiff argues that "[t]he very pendency of the inquiry is a continuing harm, as it allows the Agency to wield its institutional power to intimidate a litigant who has dared to challenge its unlawful conduct." (*Id.*)

The Court questions the veracity of any alleged chilling effect given the litany of motions Plaintiff has filed. Nonetheless, "[i]rreparable harm exists only where there is a threatened imminent loss that will be very difficult to quantify at trial." *Fujikura Composite Am., Inc. v. Dee*, No. 24-CV-782 JLS (MSB), 2024 WL 3261214, at *5 (S.D. Cal. June 28, 2024). "A plaintiff may not rely on mere allegation but must instead submit evidence showing likely irreparable harm." *Id.* (citation modified). "Speculative injury is not irreparable injury sufficient for a preliminary injunction." *Bossardet v. Centurion Healthcare*, No. CV 21-00179-TUC-RM, 2022 WL 22887106, at *5 (D. Ariz. June 17, 2022). Here, Plaintiff does not present any evidence demonstrating that he will likely suffer a concrete harm, aside from his mere assertion that the inquiry will result in irreparable harm. But the harms Plaintiff identifies are speculative and are not necessarily the result of an administrative inquiry.

Accordingly, the Court denies Plaintiff's Motion to Stay Administrative Inquiry.

## VI.   LITIGATION CONDUCT

The Court concludes with a word of caution.  First, the Court reminds Plaintiff that even as a pro se litigant, he is "subject to the same procedural requirements as other litigants" which "entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules."  *Boyd v. Int'l Union of Operating Eng'rs Loc. 701*, No. 2:25-CV-01225-LK, 2025 WL 2987703, at *4 (W.D. Wash. Oct. 22, 2025).  Second, courts have dismissed cases based on litigants filing "frivolous and duplicative motions [which] needlessly disrupted the litigation and burdened the court and opposing counsel."  *See, e.g.*, *Scott v. Cunningham*, 516 F. App'x 672, 673 (9th Cir. 2013).  Third, the Court will not tolerate any further "presentation of false citations, including AI 'hallucinations.'"  *See Stafford*, 2026 WL 799409, at *2.  The Court notes that Plaintiff cited more hallucinated cases than highlighted herein.  Any further abuses of AI may warrant sanctions.

## VII.   CONCLUSIONS

Accordingly,

**IT IS HEREBY ORDERED granting** Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 60).

**IT IS FURTHER ORDERED denying** the following motions: Plaintiff's Motion to Stay Administrative Inquiry (Doc. 13); Plaintiff's First Motion to Amend (Doc. 36); Plaintiff's Motion to for a Protective Order and to Compel Meet and Confer (Doc. 44); Plaintiff's Second Motion to Amend (Doc. 50); Plaintiff's Motion for Leave to Serve Third-Party Subpoena (Doc. 51); Plaintiff's Third Motion to Amend (Doc. 55); Plaintiff's Motion to Compel Final Agency Decision (Doc. 57); Plaintiff's Motion to Compel Filing of Responsive Pleading (Doc. 58); Plaintiff's Motion to Deem Unopposed and Grant Motion to Compel Final Agency Decision (Doc. 59); and Plaintiff's Motion to Submit Pending Motions for Decision (Doc. 64).

Dated this 2nd day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 7 -